UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

STATE OF CONNECTICUT,
    Plaintiff,

v.

JONATHAN L. HULL,
    Defendant.

No. 3:17-R-00001 (VLB)

January 17, 2018

## ORDER FOR SUMMARY REMAND

This case involves Plaintiff Jonathan Hull's removal of criminal case *Connecticut v. Hull*, HHB-CR17-0067679-S. Mr. Hull asserts that removal is valid under 28 U.S.C. §§ 1455 and 1443. For the foregoing reasons, the Court determines removal improper and REMANDS this case.

I. **Background**

The Court has assessed the docket associated with his state criminal case number.[1] It appears as if Mr. Hull was arrested on August 14, 2017 for the criminal violation of restraining order under Conn. Gen. Stat. § 53a-223b(c)(1). Mr. Hull was released from custody based on a promise to appear, but a re-arrest was ordered on September 22, 2017. There is no indication that Mr. Hull has been arrested, arraigned, or provided a trial date since that time.

---

[1] The Court takes judicial notice that the docket is publicly available. *See* Case Look-up, State of Connecticut Judicial Branch, case number H17B-CR17-0067679-S, available at http://www.jud2.ct.gov/crdockets/CaseDetail.aspx?source=Pending&Key=7e42e3d2-364c-442d-9613-772c2dbb2329.

1

Mr. Hull already attempted and failed to remove various state cases to federal court in *Hull v. Hull*, case number 3:17-cv-1525 (AVC), which was initially filed on September 11, 2017. Specifically, he filed Notices of removal for the following state cases: (1) HHB-FA16-5017639-S, [Dkt. 1]; (2) H17B-CR17-0067679-S, [Dkt. 7]; (3) HHB-FA17-4040349, [Dkt. 15]; (4) HHB-CV17-4040347, [Dkt. 16]; (5) HHB-FA16-4038834-S, [Dkt. 32]. The contents of docket 7, "Notice of Removal by Jonathan L. Hull from Bristol Superior Court, Bristol, CT case number H17B-CR17-0067679-S," do not actually pertain to the criminal case; rather, it referenced HHB-CV17-4040347 and HHB-FA17-4040349. *See* [Dkt. 7 at 1, 3]. However, he referred to his criminal case again in subsequent filings, suggesting his initial reference to the criminal case was not in error. *See, e.g.,* [Dkt. 46 (Notice of Removal Sent to Courts) at 2]. It therefore appears as if Mr. Hull intended to remove his criminal action.

Judge Covello *sua sponte* remanded the actions to state court on September 29, 2017, for failure to establish subject matter jurisdiction. *See* [Dkt. 58 (citing 28 U.S.C. §§ 1441(a), 1446, 1447)]. Mr. Hull appealed this ruling. *See* [Dkt. 67]. He thereafter filed another Notice of Removal for HB17-CR17-0067679-S, [Dkt. 72], in addition to notices for the other state court cases, *see* [Dkt. 69 (HHB-FA-16-4038834-S); Dkt. 70 (HHB-FA17-4040349); Dkt. 71 (HHB-CV17-4040347-S)]. Judge Covello found as moot Mr. Hull's motion for leave to proceed *in forma pauperis*, [Dkt. 80], and denied his motion to stay pending appeal, [Dkt. 81]. Mr. Hull has appealed these rulings as well.

## II. Discussion

Removal of a state criminal case to federal court is only available pursuant to 28 U.S.C. § 1443, which in relevant part enables a defendant to remove an action "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or all persons within the jurisdiction thereof." To satisfy this standard, a defendant must demonstrate (1) he has a civil right explicitly set forth by federal statute protecting racial equality; and (2) he cannot protect these rights in State court. *See Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (citing *Georgia v. Rachel*, 384 U.S. 780 (1966)). Restrictive interpretation is given to 28 U.S.C. § 1443. *California v. Sandoval* 434 F.2d 635 (9th Cir. 1970), *cert denied*, 402 U.S. 909 (1971).

In order to properly remove a criminal case, a defendant must file a notice of removal "signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1455(a). The removal must occur "not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown" a district court may grant leave to file notice after the deadline. 28 U.S.C. § 1455(b).

This case must be remanded for several reasons. At the outset, Mr. Hull has not addressed and therefore fails to show whether there is subject matter jurisdiction over the case given the appeal presently pending before the Second

3

Circuit challenging Judge Covello's remand in *Hull v. Hull*, 17-cv-1525. Federal courts are courts of limited jurisdiction and a party seeking to invoke the Court's jurisdiction has the burden to establish jurisdiction. *Blockbuster, Inc. v. Galeno*, 472 F.3d 53 (2006). As a general rule, the "filing of the notice of appeal divests the district court of jurisdiction" over the action. *Ching v. United States,* 298 F.3d 174, 180 n.5 (2d Cir. 2002) (citing *Griggs v. Provident Consumer Disc. Co.,* 459 U.S. 56, 58, 74 L. Ed. 2d 225, 103 S. Ct. 400 (1982)). The notice of appeal "divests the district court of its control over those aspects of the case involved in the appeal." *Griggs,* 459 U.S. at 58. It precludes the district court from ruling "on any motion affecting an aspect of the case that [is] before [the appellate court] . . . while that appeal [is] pending." *Ching,* 298 F.3d at 180; *Hallock v. Bonner*, No. 03-CV-195 (DNH/DRH), 2003 WL 22519644, at *4 (N.D.N.Y. Nov. 4, 2003); *see generally, United States v. Mickens*, 1989 WL 20643, at *2 (E.D.N.Y. Feb. 14, 1989) ("[A] default judgment has been entered in the first of the related civil forfeiture actions and, since it is now on appeal, this Court has no jurisdiction to affect the subject matter of that suit.").

Second, Mr. Hull has failed to satisfy the substantive requirements under 28 U.S.C. § 1443. A claim that the prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination will not suffice; nor will a claim that removal petitioner will be denied due process of law because the criminal law under which he is being prosecuted is allegedly vague or that the prosecution is asserted to be a sham, corrupt, or without evidentiary basis,

standing alone, satisfy the requirements of § 1443(1). *Johnson,* 421 U. S. at 219. The vindication of the defendant's federal rights is left to the state courts, except in the rare situation where a pervasive and explicit state law or a state policy or systemic practice or procedure would inevitably deprive the movant of his federally protected right were the case prosecuted in state court. *See City of Greenwood* v. *Peacock,* 384 U.S. 808, 828 (1966); *Georgia* v. *Rachel,* 384 U.S. at. 800. The denial of federal rights must be explicitly expressed in a state legislative or constitutional provision rendering the deprivation of the protected federal right inevitable. *Rachel*, 384 U.S. at 805.

By way of illustration, in *Rachel*, removal was deemed appropriate where African Americans sought to remove a criminal case in which they were being prosecuted for violating a state trespass law while exercising their right to receive public accommodation and federal law prohibited interference with the attempt to exercise the right to receive such accommodations. *Id.* at 785. There, the state and federal laws were in direct opposition and the enforcement of one vitiated the other. In contrast, in *Johnson*, 421 U.S. at 218, the Supreme Court affirmed the Fifth Circuit's affirmance of remand where African Americans attempted to remove a criminal prosecution under state laws they allegedly violated while engaging in non-violent protest of racially discriminatory exclusion. The statute under which they were prosecuted was one of general applicability and did not by its terms negate federally protected rights of African Americans. *See id.* at 219-224. Similarly, where a Native American identified no federal law conferring upon him an absolute right to ignore shellfish tagging

requirements off-reservation, or offer any reason for the court to conclude that the New York State courts could not protect whatever federal rights he may assert in his criminal proceeding, or 'that those rights would inevitably be denied, remand was required. *See New York v. Smith*, 494 F. App'x 138, 140 (2d Cir. 2012). Removal has also been found substantively defective where a notice of removal did not reference any civil rights law providing for racial equality and petitioner generally alleges Fifth and Sixth Amendment violations. *People of New York v. Latnie*, No. 1:14-CV-1581 (DNH/DEP), 2015 WL 512800, at *3 (N.D.N.Y. Feb. 6, 2015).

Hull's motion fails because he has not claimed he is being prosecuted under any state law which expressly vitiates a federally protected right accorded him based on his protected classification. Having failed to identify any explicit state law which would deprive him of his federal rights, Hull has also failed to allege facts tending to show that the state court cannot enforce his federally protected rights. *Connecticut v. Marshall*, No. 3:15-R-00002 (JCH), 2015 WL 4723015, at *2 (D. Conn. Aug. 10, 2015) (remanding in part because petitioner failed to adequately plead both prongs of the two-prong *Rachel* test).

Mr. Hull has also failed to establish that he has timely invoked the Court's jurisdiction under the statute separate and distinct from the jurisdictional issue raised by his earlier removal attempt and his appeal of the remand. He did not follow required procedure and provide the Court with "a copy of all process, pleadings, and orders served upon such defendant" as required under 28 U.S.C. § 1455(a), which could factually establish the timeliness of his motion to remove.

*See Latnie*, 2015 WL 512800, at *2 (finding the notice of removal procedurally defective in part because petitioner did not provide state court records). Mr. Hull has not stated when he was arraigned or his trial date. As a result, Petitioner has failed to establish that he filed his motion to remove conferring jurisdiction timely. On the contrary, the facts alleged in the complaint suggest the motion to remove is untimely. Mr. Hull alleges that he was initially arrested on August 14, 2017, and he tacitly acknowledges that his notice was not timely filed. *See* [Dkt. 1-1 (Good Cause for Removal Past 30 Days)].

Even if timely filing were not jurisdictional, Mr. Hull fails to show good cause for his failure to file timely. Hull appears to be arguing that good cause exists for failing to remove the action within 30 days because he was already litigating this issue in *Hull v. Hull*, 17-cv-1525, and the matter is pending before the Second Circuit. However, the Court is not persuaded by Mr. Hull's unsupported argument that his unsuccessful strategic decision to remove this case earlier is good cause to try again beyond the statutory deadline.

On the contrary, the Second Circuit's ruling will likely preclude this issue from being litigated a second time in another matter. *Boguslavsky v. Kaplan*, 159 F.3d 715, 720 (2d Cir. 1998) (barring relitigation under collateral estoppel doctrine if "(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits.") (internal quotation marks omitted); *Cadle v. Drubner*, 303 F. Supp. 2d 143, 146-47 (D. Conn.

2004) (stating that "Issue preclusion [ ] prevents a party from relitigating an issue that has been determined in a prior suit") (quoting *CFM v. Chowdhury*, 239 Conn. 375, 397 n.21 (1996)).

III. <u>Conclusion</u>

For the reasons stated above establishing that Mr. Hull has utterly failed to establish any right to invoke the Court's jurisdiction, the Court ORDERS summary remand under 28 U.S.C. § 1455(b)(4) to the Superior Court in Bristol, Connecticut. The Clerk is directed to close this case.

IT IS SO ORDERED.

 _____/s/_____
 **Vanessa L. Bryant**
 **United States District Judge**

Order dated in Hartford, Connecticut on January 17, 2018.